UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL TORRES,

    Petitioner,

v.

                                    Case No. 22-cv-12137
                                    Hon. Matthew F. Leitman

JONATHAN HEMINGWAY,

    Respondent.

_____/

**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 (ECF No. 1) AND (2) GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Samuel Torres is a federal prisoner currently confined at the Federal Correctional Institution ("FCI") in Milan, Michigan. On September 9, 2022, Torres filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) In the petition, Torres seeks relief from a decision by the Bureau of Prisons (the "BOP") to deduct good-conduct time credits and take away certain privileges that he had previously earned. For the reasons stated below, Torres' petition is **DENIED**.

**I**

Torres is a federal prisoner serving a 360-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine,

use and discharge of a firearm during a drug trafficking crime, arson, and conspiracy to commit money laundering.  At all relevant times, Torres was incarcerated at FCI-Allenwood Low in White Deer, Pennsylvania.[1]

In the fall of 2021, Special Investigative Services Lieutenant Alan Hartman was investigating the introduction and sale of drugs inside FCI-Allenwood.  On September 3, 2021, while searching a secured locker in Torres' cell as part of that investigation, Lt. Hartman found an envelope with lines drawn on it in a grid-like manner inside of Torres' address book.  Inside the envelope, Lt. Hartman discovered a small piece of discolored paper that appeared to be soaked in an unknown substance with the same type of lines as on the envelope.  These lines are often seen when drug-coated paper is divided for sale and distribution. The items were photographed, secured in the Investigative Services office, and sent to the Northern Tier Research Lab for analysis.  That analysis indicated that the envelope and grid paper tested positive for the compounds found in synthetic cannabinoids, also known as K-2. (*See* ECF No. 5-3, PageID.73-74.)

On October 14, 2021, Lt. Hartman filed an incident report which charged Torres with the introduction of drugs, criminal phone abuse, and possession of drugs. (*See* ECF No. 5-3.)  On November 23, 2021, investigating Lieutenant Victor Castrati handed Torres a copy of the incident report and advised Torres of his rights during

---

[1] Torres has since been transferred to FCI Milan in Milan, Michigan.

the prison disciplinary process. Lt. Castrati then read the incident report to Torres. Torres indicated that he understood the charges, but he refused to make a statement. The incident report was thereafter referred to the Unit Discipline Committee (the "UDC") for a hearing, (*See id.*, PageID.71.)

The UDC held a hearing on the charges against Torres on November 25, 2021. At the start of the hearing, Torres stated that he was "not guilty." The UDC ultimately referred the case to the Discipline Hearing Officer (the "DHO") for further proceedings. (*See id.*, PageID.70.)

That same day, Torres was given written notice of the upcoming hearing before the DHO and his rights at that hearing. (*See* ECF Nos. 5-5, 5-6.) Torres then requested that the Warden appoint a staff representative to appear on his behalf. Torres also requested the presence of three witnesses: a prison staff officer who could testify about "what happened that day" and that Torres had a cellmate, and two inmates to testify that they did not conspire with Torres. (*See* ECF No. 5-5, ECF No. 5-7).

The hearing before the DHO was held on December 2, 2021. (*See* ECF No. 5-8.) During the hearing, the DHO reviewed Torres' due process rights with him, and Torres indicated that he understood those rights. (*See id.*, PageID.92.) Torres' Staff Representative, Drug Treatment Specialist Jonathan Brown, told the DHO that he met with Torres before the hearing and that Torres was mostly concerned about

3

the drug introduction conspiracy charges. (*See id.*). Prior to the hearing, Torres told the DHO that he no longer wanted testimony from the witnesses he initially requested, and he waived the right to call them. (*See id.,* PageID.93.) Torres then provided the following statement: "Not guilty. That phone book I always keep in the middle table. Could someone have given me an envelope with the piece of paper, sure." (*Id.,* PageID.92.) Torres did not present any documentary evidence or raise any procedural concerns during the hearing. (*See id.*)

Based on the weight of the evidence, the DHO found Torres guilty of Code 113—Possession of Drugs. In reaching this finding, the DHO considered the incident report, the property recovered by Lt. Hartman following the search of Torres' cell and secured locker, the lab report that indicated that the items removed from the locker and cell contained a synthetic cannabinoid, the chain of custody form signed by Lt. Hartman, photographs of the recovered items, Torres' statements throughout the disciplinary process, and the larger investigation into Torres' participation in a conspiracy to introduce illicit substances into FCI-Allenwood. (*See* ECF No. 5-8, PageID. 93-96.) The DHO sanctioned Torres by deducting 40 days of earned good-conduct time credits and sentencing Torres to 30 days of disciplinary segregation, six months' loss of commissary and email privileges, and 12 months' loss of visiting privileges. (*See id.,* PageID.96.) Torres sought administrative review of the DHO's decision, but all of Torres administrative appeals were denied.

On September 9, 2022, Torres filed his habeas petition in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) Torres seeks a writ of habeas corpus on the following grounds:

> I. I am actually innocent of the charged conduct because of a "broken" or insufficient chain of custody for the contraband in question.
>
> II. I am actually innocent of the charge[d] conduct because I did not knowingly possess contraband.
>
> III. Disciplinary proceeding was marred by multiple prejudicial violations of due process.

(*Id.*, PageID.6-7.)

## II

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Torres' petition is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.[2]

---

[2] **Error! Main Document Only.**Although the disciplinary action that Torres seeks relief from took place in the Middle District of Pennsylvania where FCI-Allenwood is located, *See Meyers v. R. Martinez*, 402 F. App'x 735 (3d Cir. 2010), this Court has jurisdiction to consider Torres' petition because Torres has since been transferred to FCI-Milan and is currently incarcerated in this judicial district. *See, e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (explaining that a

**A**

The Court begins with Torres' first two claims – that there was insufficient evidence to establish that he possessed the controlled substances found in his prison cell and that the BOP did not establish an unbroken chain of custody regarding the seized contraband. Torres is not entitled to relief on these claims.

As the Sixth Circuit has previously explained, in general, "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F.3d 483, 486 (6th Cir. 1995). "'Some evidence' is all" that is usually needed to support a prison disciplinary board's decision. *Id.* (*citing Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)). In determining whether a decision of a prison disciplinary board is supported by sufficient evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F.3d at 486 (*citing Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. Moreover, a hearing officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt or find that guilt was the only

---

habeas petition under Section 2241 "shall be filed in the court having jurisdiction over the prisoner's custodian").

6

reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F.Supp.2d 1009, 1012 (E.D. Mich. 1998).

Here, there was sufficient evidence to sustain Torres' disciplinary conviction. As explained above, Lt. Hartman recovered drugs from a secured locker in Torres' cell. The drugs were soaked in an envelope with lines drawn on it in a grid-like manner inside of Torres' address book. And an independent laboratory confirmed that the items recovered from Torres' address book contained synthetic cannabinoids. The incident report detailing the recovery of drugs from Torres' cell, the lab report, the chain of custody log, and the photographs of the drugs satisfies the "some evidence" standard.

Torres counters that the evidence was insufficient to link him to the contraband because the items found in his cell were not actually found in his secured locker, but instead were found a common area of his cell to which other inmates had access. But even if Torres is right about where the drugs were found – and, as explained above, evidence was presented that the contraband was found in Torres' secured locker – he still would not be entitled to relief. When two or more federal prisoners share a cell, "each individual prisoner is responsible for keeping the entire cell free from contraband." *Denny v. Schultz*, 708 F.3d 140, 146 (3d Cir. 2013). And "[b]ecause each prisoner in a shared cell has an affirmative responsibility to keep the entire cell. . . free from contraband," courts have upheld BOP's decisions that

7

"any contraband found within the cell is constructively possessed by each of the inmates housed in that cell." *Id.* at 146. Here, as described above, Lt. Hartman entered Torres' cell and discovered the contraband in a secured locker in that cell. "[T]e mere discovery of contraband in [Torres'] shared cell constitute[d] 'some evidence' that each prisoner in that cell [including Torres] possessed the contraband." *Id. See also Flowers v. Anderson*, 661 F.3d 977, 980–81 (8th Cir. 2011) (relying on collective responsibility theory whereby each inmate was collectively culpable for two homemade weapons found in shared eight-man cell); *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (concluding that discovery of weapons in 4-man cell was "some evidence" justifying punishing petitioner, one of the occupants); *Horton v. Hemingway*, No. 21-1388, 2021 WL 5183547, at *2 (6th Cir. Nov. 8, 2021) (affirming the district court's denial of a habeas petition seeking relief from a decision that petitioner violated prison rules after two SIM cards were found in his shared cell, even though petitioner's cellmate admitted that the SIM cards were his).[3] Moreover, and in any event, it does not appear that the DHO found

---

[3] *See also Spears v. Hemingway*, No. 20-cv-13392, 2021 WL 3164283, at *3 (E.D. Mich. July 27, 2021) (upholding BOP's disciplinary decision where a corrections officer found an eight-inch shiv underneath the petitioner's locker in his shared cell, even after the petitioner's cellmate took responsibility for the weapon); *McCarthy v. Hemingway*, 20-cv-12846, 2021 WL 927375, at *3 (E.D. Mich. March 11, 2021) (denying habeas relief where marijuana was found in a common area of petitioner's shared cell and the petitioner's cellmate admitted that the marijuana belonged to him).

8

Torres guilty under a collective responsibility theory. Instead, it appears the DHO based on his finding of guilt on the fact that the contraband was recovered from an envelope found inside of Torres' address book.

Finally in these claims, Torres argues that the BOP failed to establish a sufficient chain of custody for the recovered contraband. But Torres is "not constitutionally entitled to an 'air-tight' chain of custody.'" *Baker v. Kassulke*, 959 F.2d 233, 1992 WL 64736 at *1 (6th Cir. Apr. 1, 1992) (Table). *See also Higgs v. Bland*, 888 F.2d 443, 449 (6th Cir. 1989) (explaining that "[a]lthough plaintiffs introduced evidence that indicated some lapses in the chain-of-custody, the Due Process Clause has never been construed to require that the procedures used to guard against an erroneous deprivation of a protectable property or liberty interest be so comprehensive as to preclude any possibility of error"). In any event, Torres has not persuaded the Court the chain of custody was insufficient. The chain of custody log prepared by Lt. Hartman indicates that the contraband was seized from Torres' address book at 11:00 a.m. on September 3, 2021, was placed in an evidence safe the same day at 4:00 p.m., was released to the independent laboratory on September 7, 2021, at 2:00 p.m., and received by the lab on September 9, 2021. (*See* ECF No. 5-3, PageID.75). This evidence was sufficient to establish a chain of custody for the contraband.

For all of these reasons, because the DHO's decision is supported by "some evidence" in the record, Torres is not entitled to habeas relief on his first and second claims. *See Humphreys v. Hemingway,* 77 F. App'x 788, 789 (6th Cir. 2003).

**B**

In Torres' third claim, he says that he is entitled to relief based on several procedural errors that tainted his disciplinary proceedings. The Court disagrees.

Torres first says that he did not receive proper advance notice of the charge because the description of the incident section on the incident report related mostly to intercepted communications between Torres and others concerning the alleged conspiracy to smuggle drugs into FCI-Allenwood. Torres notes that only 7 lines of the incident report deal with the seizure of the envelope containing drugs from his cell. And he insists that the seizure of contraband from his cell should have been contained in a separate incident report.

But Torres has provided no caselaw, and this Court could find none, requiring separate prison code violations to be included in separate incident reports. The brief description of the proscribed conduct in the incident report here was sufficient to place Torres on notice of the charges he would need to defend against. *See Brown v. Wyoming Dep't of Corr. State Penitentiary Warden,* 234 F. App'x 874, 878 (10th Cir. 2007).

Torres next claims that he was prevented from calling witnesses or presenting evidence at the disciplinary hearing. Torres, however, waived his request to call those witnesses and his right to present evidence after consulting with his staff representative. Torres is not entitled to habeas relief where the DHO advised him of his right to present witnesses and documentary evidence and Torres chose to waive those rights. *See Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994). Torres responds that he only waived his right to present these witnesses because, at the time of the hearing, he was in solitary confinement, the DHO informed him that the hearing would have to be adjourned for a month if Torres wanted to call witnesses, and Torres did not want to spend another month in solitary confinement during that intervening time period. But even if true, that would not affect the validity of Torres' waiver of his right to present witnesses. *See, e.g., Soto v. Williams*, 471 F.Supp.3d 822, 826 (N.D. Ohio 2020).

Next, Torres says that the BOP violated its own procedures by failing to give him notice of the charges within 24 hours of the incident. BOP regulations provide that "[s]taff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.5(a). However, a violation of this rule does not entitle a prisoner to relief unless he or she can establish prejudice from the delay in obtaining the incident report. *See Jones v.*

11

*Cross,* 637 F.3d 841, 846-47 (7th Cir. 2011). Torres received a copy of the incident report on November 23, 2021, which was two days before the UDC hearing and ten days before the disciplinary hearing before the DHO on December 2, 2021. And Torres has not shown any prejudice from the failure to provide him the incident report sooner. Torres is therefore not entitled to habeas relief on this basis. *See Mazzanti*, 866 F. Supp. at 1034 (holding habeas relief was not warranted based on prisoner's claim that federal correctional officers delayed in delivering incident report to prisoner in the absence of a showing of prejudice).

Finally, in his reply brief, Torres notes that the FBI and the United States Attorney declined to criminally charge or prosecute him for drug possession. But the fact that Torres was not criminally charged with that offense "has no significance whatsoever regarding the accuracy of the determination" that Torres violated prison regulations by possessing contraband. *See Percy v. Jabe*, 823 F.Supp. 445, 447 (E.D. Mich. 1993). Indeed, the fact that Torres was never criminally charged "ha[s] no effect on the prison disciplinary finding because the two proceedings require different quantums of proof." *Hayes v. Ugwuzor*, 920 F.2d 933, 1990 WL 200337, *1 (6th Cir. Dec. 12, 1990) (Table). Torres is therefore not entitled to habeas relief on this claim.

## III

For all of the reasons explained above, Torres' petition for a writ of habeas corpus (ECF No. 1) is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *see Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Torres need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. Finally, the Court **GRANTS** Torres leave to appeal *in forma pauperis* because an appeal could be taken in good faith. See *Foster v. Ludwick,* 208 F.Supp.2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126